UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-80206-CR-RYSKAMP
26 U.S.C. § 7206(1)

UNITED STATES OF AMERICA

vs.

MARY ESTELLE CURRAN,

        Defendant.
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida and the United States Department of Justice, Tax Division, (hereinafter referred to as the "Office") and MARY ESTELLE CURRAN (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to waive indictment and plead guilty to a two-count Information charging the defendant with willfully making and subscribing a false U.S. Individual Income Tax Return, Form 1040, for tax years 2006 and 2007, in violation of Title 26, United States Code, Section 7206(1).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the

advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.  The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to six years, followed by a term of supervised release of up to one year. In addition to a term of imprisonment and supervised release, the court may impose a maximum fine of either $250,000 or not more than the greater of twice the gross gain or twice the gross loss.

4.  The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.  This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.      The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

   a. Under Section 2T1.1 (a)(1) and 2T4.1(H). the starting base offense level would be level 20 as the relevant amount of actual, probable, or intended tax loss resulting from the offense committed in this case and all relevant conduct is between $400,000 and $1 million.

   b. Pursuant to Section 2T1.1(b)(2), because the offense involved sophisticated means, two levels are added.

   c. Overall guideline range: That the applicable guideline range under all of the circumstances of the offense committed by the defendant is Level 22 with criminal history category I or 41 to 51 months, less credit for Acceptance of Responsibility of 3 levels, for an adjusted offense level 19 or 30 to 37 months.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing

4

recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. The defendant agrees to cooperate with the Internal Revenue Service ("IRS") in its civil examination, determination, assessment, and collection of income taxes related to the defendant's 2001 through 2007 income tax returns, and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The defendant agrees to provide the IRS any documentation in the defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing. The defendant further knowingly and voluntarily agrees to waive any statute of limitations with respect to assessment and collection of the defendant's individual and corporate/entity tax liabilities concerning tax years 2001 through 2007.

10. The defendant further agrees that any evidence, including statements and documents, provided to the United States by the defendant pursuant to a Proffer Agreement, without any limitations, can be utilized by the United States in its civil examination, determination, assessment, and collection of income taxes related to his income tax returns and any related corporate/entity tax returns, or any other civil proceeding. The United States does not deem this, in any way, to be a waiver of the defendant's attorney-client privilege with respect to any attorney.

11. The defendant agrees to prepare and file accurate amended individual income tax returns for the tax years 2001 through 2007, by no later than the time of the defendant's sentencing. The defendant also agrees to pay all taxes, interest, and penalties due and owing to the IRS, including all taxes, interest, and penalties on the defendant's individual income tax liabilities for the tax years 2001 through 2007, by no later than the time of the defendant's sentencing. The defendant agrees

that the taxes due and owing to the IRS, excluding interest and penalties, for the tax years 2001 to 2004, 2006 and 2007 are, at least, as follows:

| YEAR | 2001 | 2002 | 2003 | 2004 | 2006 | 2007 |
|---|---|---|---|---|---|---|
| TAX | $30,549 | $4,325 | $12,284 | $16,133 | $197,042 | $620,678 |

Nothing in this agreement shall limit the IRS in its civil determination, assessment, and collection of any taxes, interest, and/or penalties that the defendant may owe.

12. The defendant further agrees that in order to resolve her civil liability for failing to file Reports of Foreign Bank and Financial Accounts, Forms TD F 90-22.1, for tax years 2001 through 2007, she will pay a penalty in the amount of of $21,666,929, which is 50% of the year-end balances of the undeclared accounts for the year 2007, the year with the highest balances at year end for calendar years 2001 through 2007.

13. The defendant agrees that any statements made by the defendant to the IRS and/or in this agreement shall be admissible against the defendant without any limitation in any civil or criminal proceeding and the defendant stipulates to the authenticity and admissibility, in any civil or criminal proceeding, of any documentation provided by the defendant to the IRS. The defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure with regard to any such statements and documentation. In the event that the defendant withdraws from this agreement prior to pleading guilty and/or fails to fully comply with any of the terms of this agreement, the United States will, at its option, be released from its obligations under this agreement, but under no circumstances shall the defendant

be released from the agreements and waivers made by the defendant in this and the preceding two paragraphs.

14. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

15. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

.

|  |  |
|---|---|
| Date: _____ | By: _____<br>WIFREDO A. FERRER<br>UNITED STATES ATTORNEY<br>MICHELLE M. PETERSEN<br>Trial Attorney<br>MARK F. DALY<br>Senior Litigation Counsel<br>Tax Division<br>United States Department of Justice |
| Date: _____ | By: _____ for TPB<br>THOMAS P. LANIGAN<br>Assistant United States Attorney |
| Date: 1/8/13 | By: _____<br>NATHAN J. HOCHMAN<br>Attorney for Mary Estelle Curran |
| Date: 1/8/13 | By: _____<br>ROY BLACK<br>Attorney for Mary Estelle Curran |
| Date: January 8, 2013 | By: _____<br>MARY ESTELLE CURRAN<br>DEFENDANT |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-80206-CR-RYSKAMP
26 U.S.C. § 7206(1)

UNITED STATES OF AMERICA

vs.

MARY ESTELLE CURRAN,

    Defendant.
_____/

## STATEMENT OF FACTS

The United States Attorney's Office for the Southern District of Florida, the United States Department of Justice, Tax Division, and the defendant, MARY ESTELLE CURRAN, stipulate to and agree not to contest the following facts, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case:

### OBLIGATION TO REPORT WORLDWIDE INCOME AND FOREIGN BANK ACCOUNTS

The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States and collecting the taxes owed to the Treasury of the United States.

United States citizens, resident aliens, and legal permanent residents of the United States were required to file an individual income tax return with the IRS reporting their worldwide income for each year if their gross income exceeded a certain amount.

United States citizens, resident aliens, and legal permanent residents of the United States had an obligation to report to the IRS on the Schedule B of a U.S. Individual Income Tax Return, Form 1040, whether that individual had a financial interest in, or signature authority over, a financial account in a foreign country in a particular year by checking "Yes" or "No" in the appropriate box and identifying the country where the account was maintained. United States citizens and residents had an obligation to report all income earned from foreign bank accounts on the tax return.

United States citizens, resident aliens, and legal permanent residents of the United States who had a financial interest in, or signature authority over, one or more financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during a particular year were required to file with the Department of the Treasury a Report of Foreign Bank and Financial

Accounts on Form TD F 90-22.1 (the "FBAR"). The FBAR for the applicable year was due by June 30 of the following year.

An "undeclared account" was a financial account maintained in a foreign country that has not been reported to the United States government on a tax return and an FBAR.

## UBS AG

UBS AG, a corporation organized under the laws of Switzerland, directly and through its subsidiaries, operated a global financial services business. As one of the biggest banks in Switzerland and largest wealth managers in the world, UBS provided banking, wealth management, asset management and investment banking services, among other services, around the globe, including through branches located in the United States (including the Southern District of Florida).

## BACKGROUND

MARY ESTELLE CURRAN was a citizen of the United States and resident of Palm Beach County, Florida during all times relevant. In or about 2000, the defendant's late husband died and the defendant inherited an undeclared foreign financial account at UBS AG in the name of the Flognet Foundation, a nominee Liechtenstein foundation that the defendant's late husband had created.

On or about June 28, 2007, a UBS AG account in the name of Norega Investment, a nominee Panamanian corporation, was opened at UBS AG, with MARY ESTELLE CURRAN as the beneficial owner of the account. On or about June 16, 2008, the Fiduciaries managing the defendant's account at UBS AG closed those accounts and transferred the contents to a new account opened in the name of Norega Investment at a bank in the Principality of Liechtenstein.

From 2001 to 2008, the defendant held substantial balances in her undeclared offshore accounts. The highest year-end aggregate closing balance of the defendant's undeclared accounts exceeded $43 million in 2007. From 2001 through 2008, despite having an aggregate balance of over $10,000 in the defendant's accounts at UBS AG, the defendant failed to file an FBAR with the United States Treasury as required by law.

## TAX RETURN INFORMATION

For the years 2001 through 2007, the defendant was required to file a U.S. Individual Income Tax Return, Form 1040, to report her worldwide income, and to declare the existence of any foreign based financial accounts at UBS AG in Switzerland in which she had a financial interest or signature authority over that contained assets in excess of $10,000. The defendant filed U.S. Individual Income Tax Returns, Forms 1040, with the IRS for tax years 2001 through 2007. Each year, the defendant willfully failed to report on those tax returns any income earned on the accounts that she held at UBS AG in Switzerland. In addition, each year, the defendant

failed to disclose that she had an interest in or signature or other authority over a financial account in a foreign country.

Specifically, on or about April 15, 2007, the defendant filed a U.S. Individual Income Tax Return Form 1040 for the year 2006. The return bore the signature of the defendant and was signed under the penalties of perjury with the declaration that the return and accompanying schedules and statements were examined by the defendant and that to the best of the defendant's knowledge and belief, the return and accompanying schedules were true, correct, and complete. The 2006 U.S. Individual Income Tax Return, Form 1040, was made and subscribed within the Southern District of Florida. The defendant willfully failed to tell the accountant who prepared the 2006 tax return about the existence of the accounts at UBS AG and the income earned from those accounts.

On Schedule B, Part III of the 2006 tax return, the defendant failed to report that she had an interest in or a signature authority over financial accounts at UBS AG in Switzerland and she failed to report dividend and interest income derived from the accounts at UBS AG. Additionally, Line 22 on the Form 1040 was false it substantially underreported the defendant's total income.

On or about April 15, 2008, the defendant filed a U.S. Individual Income Tax Return Form 1040 for the year 2007. The return bore the signature of the defendant and was signed under the penalties of perjury with the declaration that the return and accompanying schedules and statements were examined by the defendant and that to the best of the defendant's knowledge and belief, the return and accompanying schedules were true, correct, and complete. The 2007 U.S. Individual Income Tax Return, Form 1040, was made and subscribed within the Southern District of Florida. The defendant willfully failed to tell the accountant who prepared the 2007 tax return about the existence of the accounts at UBS AG and the income earned from those accounts.

On Schedule B, Part III of the 2007 tax return, the defendant failed to report that she had an interest in or a signature authority over financial accounts at UBS AG in Switzerland and she failed to report dividend and interest income derived from the accounts at UBS AG. Additionally, Line 22 on the Form 1040 was false it substantially underreported the defendant's total income.

## TAX LOSS

The tax loss for the defendant totals $667,716 and can be broken down as follows:

| YEAR | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 |
|---|---|---|---|---|---|---|---|
| TAX LOSS | $30,549 | $4,325 | $12,284 | $16,133 | ($213,295) | $197,042 | $620,678 |

Respectfully submitted,

WIFREDO FERRER
U.S. ATTORNEY

KATHYRN KENEALLY
ASSISTANT ATTORNEY GENERAL
TAX DIVISION

By: _____
THOMAS P. LANIGAN
ASSISTANT U.S. ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

By: _____
MARK F. DALY
SENIOR LITIGATION COUNSEL
MICHELLE M. PETERSEN
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
TAX DIVISION

By: _____
MARY ESTELLE CURRAN
DEFENDANT

By: _____
NATHAN J. HOCHMAN
ATTORNEY FOR DEFENDANT

4